UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MOORE, et al.,

    Plaintiffs,

Case No: 19-10403
Honorable Denise Page Hood

v.

AUTO CLUB SERVICES, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 11]**

**I.    INTRODUCTION**

Plaintiffs filed this 28 U.S.C. § 1332(d)(2) Class Action Complaint ("Complaint') on February 8, 2019, alleging that Defendants underpaid the proper amount of attendant care benefits owed to the members of the class under Subsection 3107(1)(a) of the Michigan Automobile No-Fault Insurance Act (the "Act"). On April 18, 2019, Defendants collectively filed a Rule 12(b)(6) Motion to Dismiss. [ECF No. 11] Defendants' Motion to Dismiss has been fully briefed, and the Court held a hearing on July 24, 2019 regarding the Motion to Dismiss.1 At the

---

1 Two days before the hearing, Plaintiffs filed a Notice of Supplemental Authority. [ECF No. 24] Defendants immediately filed a Motion for Leave to File Response to Plaintiffs' Notice of

hearing, the parties agreed that the Court should address only two of the issues in the Motion to Dismiss and that Plaintiffs' could file an amended complaint with respect to the remaining claims and issues. The Court entered a Stipulated Order Regarding Defendants' Motion to Dismiss setting forth that agreement. ECF No. 27.

The Stipulated Order provided that the Court was to decide, and this Order addresses, the following two issues:

>    1. Whether the One-Year-Back Rule bars claims for damages incurred prior to February 8, 2018 and is not subject to tolling; and
>    2. Whether Count IV should be dismissed because Michigan does not recognize a claim for bad faith breach of contract.

The Stipulated Order provided that the Court was dismissing without prejudice the following six arguments contained in Motion to Dismiss and gave Plaintiffs the right to file an amended complaint relating to those arguments:

> Argument I. – Plaintiffs fail to state plausible claims or establish Article III standing by lumping all Defendants together in violation of FRCP 8;
>
> Argument III. – Plaintiffs' fraudulent concealment theory fails as a matter of law;

---

Supplemental Authority. [ECF No. 25] The Court grants Defendants' Motion for Leave to File Response, and the Court has reviewed and considered the parties' arguments in both of those filings in determining the one-year back rule issue addressed in this Order.

      Argument IV. – Plaintiffs failed to plead fraudulent concealment with specificity as required under FRCP 9(b);

      Argument V.A. – The claim for breach of implied covenant of good faith and fair dealing should be dismissed; and

      Argument V.C. – Plaintiffs failed to plead the elements of unjust enrichment (Count III) and there is an express written contract between the parties governing the same subject matter arguments contained in Defendants' Brief in Support of Motion to Dismiss.

Plaintiffs filed an amended complaint two weeks later. *See* ECF No. 28.

For the reasons that follow, the Court grants in part and denies in part Defendants' Motion to Dismiss.

## II.   BACKGROUND

### A.   Plaintiffs

The three named Plaintiffs have sued on behalf of themselves and request that they be representatives of a class. ECF No.1 at ¶64. These three individuals will be collectively referred to as "Plaintiffs" and, when appropriate, the class will be referred to as "Plaintiff Class."

Plaintiffs currently have no-fault personal injury protection ("PIP") claims filed with Defendants and are receiving attendant care benefits. ECF No.1 at ¶35. All Plaintiffs have been receiving these benefits at least since 2005. ECF No.1 at ¶¶15-17. Each of the Plaintiffs' attendant care benefits are being used to pay for

3

family provided attendant care. ECF No.1 at ¶1. All allegations in the Complaint are based on Defendants' alleged "systematic underpayment of family provided/non-agency provided attendant care benefits ("Benefits") through the use of a series of reports [referred to as the "P&M Surveys" that] they [Defendants] falsely claimed were valid surveys of commercial agency payment rates for attendant care providers." ECF No.1 at ¶7.

Plaintiffs' PIP claims have been adjusted by Defendants. ECF No.1 at ¶¶15-17. Plaintiffs allege Defendants relied on the P&M Surveys to determine class benefits for their family provided attendant care services and adjusted Plaintiffs' claims. ECF No.1 at ¶36. Plaintiffs allege that Defendants' use of the P&M Surveys was improper and injured Plaintiffs by causing them to receive less money for their family provided attendant care benefits. ECF No.1 at ¶7.

Litigation and discovery by Defendants in a prior case revealed that the P&M Surveys were created under the direction of a lawyer and Vice President at AAA. ECF No.1 at ¶50. Testimony in that case, by the creator of the P&M Surveys, revealed the survey "lacked valid statistical authority." ECF No.1 at ¶52. Other testimony, by the director of casualty claims for AAA, acknowledged that the rates in the P&M Surveys were not adjusted after 2011 and that the company

used previous P&M Surveys to determine class benefits. ECF No.1 at ¶54.

As individuals and as class representatives, Plaintiffs have filed a four-count Complaint against all Defendants: (1) Count I – violation of the Act; (2) Count II – breach of contract and breach of implied covenant of good faith and fair dealings; (3) Count III – unjust enrichment; and (4) Count IV- bad faith breach of contract.

**B.      Plaintiff Class**

Plaintiffs seek to establish a representative class under FRCP 23(a) for all individuals who received attendant care benefits from Defendants for the Class Period either at: (1) a "home health aide rate;" or (2) a "higher than a home health aide rate." ECF No.1 at ¶64. Plaintiffs also bring suit on behalf of the sub-class of individuals who received benefits from Defendants during the Class Period while residents of states that provided for bad faith claims. ECF No.1 at ¶64. Plaintiffs have pleaded facts sufficient to meet the requirements of a class action suit as outlined by FRCP 23(a) and FRCP 23(b). See ECF No.1 at ¶¶63-94.

The "Class Period" covered by the claim is in dispute. Plaintiffs allege that Defendants committed fraud by concealing their use of P&M Surveys. Plaintiffs assert that, because of the alleged fraudulent action by the Defendants, Michigan's no-fault one-year back rule should be tolled for two years with respect to Plaintiffs'

5

claims.

### III. APPLICABLE LAW & ANALYSIS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. ANALYSIS

**A. Effect of One-year-back Rule in PIP Cases of Fraudulent Concealment**

Defendants argue that MCL 500.3145 ("one-year-back rule") is not subject to tolling based on MCL 600.5855 ("fraudulent concealment") because the two statutes have independent functions. Defendants argue the one-year-back rule functions as a "damage-limiting provision" that determines the amount of recoverable damages, and the fraudulent concealment statute functions to determine when a claim can be brought by a plaintiff. ECF No. 11, PgID 75-77. Due to the independent functions of the two statutes, Defendants argue that the damages period for the Plaintiffs' PIP claims cannot be extended two years based on Plaintiffs' allegations of fraudulent concealment. *Id*. at 75. Defendants state, "The Complaint was filed on February 8, 2019, so all alleged damages prior to February 8, 2018 are barred." *Id*.

Defendants rely on four Michigan cases that held Michigan's one-year-back rule was not subject to tolling based on: (a) a minority/insanity statute (*Joseph* and *Cameron*); (b) a political subdivisions statute (*Liptow*); or (c) the tolling provision of MCL 600.5856 (*Farm Bureau*). *See Joseph v. Auto Club Ins Ass'n*, 491 Mich. 200, 203 (2012); *Cameron v. Auto Club Ins Ass'n*, 476 Mich. 55, 72 (2006); *Liptow v. State Farm Mut Auto Ins Co*, 272 Mich. App. 544, 549 (2006); *Attendant Care Companies v. Farm Bureau Gen. Ins. Co. of Michigan*, No. 340205, 2018 WL

7

6252058, at *7 (Mich. Ct App, November 29, 2018). Defendants also cite a case where the court dismissed an alleged fraudulent concealment claim by a plaintiff. *Basirico v. State Farm Mut. Auto. Ins. Co.*, No. 05-CV-74691, 2006 U.S. Dist. LEXIS 87761, at *42 (E.D. Mich. 2006).

Plaintiffs argue that the one-year-back rule is subject to tolling in cases where defendants have a claim of fraud pleaded against them. EFC No.17 PgID 123. Plaintiffs state "a fraud action may be maintained against no-fault insurers as long as the separate and distinct elements of fraud are pleaded and proved." *Id*. at 127. Plaintiffs insist they have properly pleaded fraudulent concealment in the Complaint, such that their claim period should be tolled by two years. *Id*. at 124. Plaintiffs rely on a Michigan Supreme Court case holding that the one-year-back rule did not apply to an "independent" fraud claim that arose from a no-fault claim. *Cooper v. Auto Club Ins Ass'n*, 481 Mich. 399, 405 (2008). Plaintiffs maintain fraud claims allow tolling, but also acknowledge courts have not addressed how the one-year-back rule applies specifically to a claim of fraudulent concealment. EFC No.17 PgID 126.

MCL 500.3145(2) provides that "the [insurance] claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on

which the action was commenced." This one-year-back rule limits recovery of PIP benefits. PIP benefits include "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). The "one-year-back-rule applies only to actions brought under the no-fault act." *Cooper*, 481 Mich. at 405. In *Cooper,* the Michigan Supreme Court found "because fraud claims are independent of and distinct from no-fault claims, the one-year-back rule of the no fault act simply does not apply" to fraud claims. *Id. at* 450. "Where fraudulent conduct results in the loss, or reduced payment, of PIP benefits, plaintiffs are entitled to seek damages for their entire loss, including the equivalent of the no-fault benefits." *Id*. at 413. "Therefore, where an insured's claim arises not out of the insurer's mere failure to pay no-fault benefits, but out of the insurer's fraudulent misrepresentations, which might have ultimately led to payment of reduced no-fault benefits to the insureds, the courts are faced with a fraud claim, as opposed to a no-fault claim." *Id. at* 412. "Trial courts should exercise special care in assessing these types of fraud claims … [because] fraud must be pleaded with particularity." *Id. at* 414 referencing MCR 2.112(B)(1).

The Court rejects Defendants' argument that Plaintiffs' damages are limited

9

by the one-year-back rule. Plaintiffs have pleaded that the Defendants committed fraudulent concealment by not disclosing the use of the P&M Surveys that caused Plaintiffs injury, ECF No.1 ¶¶ 61-62, and therefore pleaded a fraud claim such that the "one-year-back rule … simply does not apply." *Cooper*, 481 Mich. 399 at 450. As the *Cooper* court recognized, "a common-law cause of action for fraud is not subject to the one-year-back rule." *Id.* at 445. If Plaintiffs plead their fraudulent concealment claim with particularity,2 the damages period for the Plaintiffs' PIP claims are not limited by the one-year-back rule.

Defendants' reliance on *Joseph*, *Cameron*, *Liptow*, and *Farm Bureau* is not persuasive because none of the cases involve allegations of fraud against a defendant. *Joseph*, 491 Mich. at 414; *Cameron*, 476 Mich. at 74; *Liptow*, 272 Mich.App. at 445; *Farm Bureau*, 2018 WL 6252058 at *7. *Basirico* also does not support their argument, as the court noted that "it remains possible for [plaintiff] to develop a factual record at trial that would support recovery under these non-contractual claims for damages other than damages for the recovery of no-fault insurance benefits." *Basirico*, 2006 U.S. Dist. LEXIS 87761, at *42. This ruling

---

2 Pursuant to the parties' Stipulated Order Regarding Defendants' Motion to Dismiss, ECF No. 27, Plaintiffs were permitted to amend their Complaint with respect to – and the Court would not address arguments in the Motion to Dismiss regarding – Plaintiffs' fraudulent concealment claim.

contravenes Defendants' argument that the one-year-back rule will apply to Plaintiffs' claim despite Plaintiffs' allegations of fraud.

For the reasons stated above, the Court concludes that the one-year-back rule does not apply to PIP claims when a plaintiff properly alleges their injury is a result of fraudulent concealment.

The Court also notes that the parties filed supplemental briefs to address whether an amendment to M.C.L. § 500.3145 that became effective on June 11, 2019 constituted the intent of the Michigan Legislature to convert the one-year-back-rule to a statute of limitation or leave it as a limitation on damages. At issue is the following new subsection:

> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

M.C.L. § 500.3145(3). Plaintiffs argue that the amendment constitutes a statute of limitations because the language used in the new provision was "A period of limitations . . ." Plaintiffs do not cite anything in the legislative history of the amendment to indicate that the Michigan Legislature intended that the amendment be a statute of limitations.

11

Defendants contend that limitation on damages provision in M.C.L. § 500.3145(2), as recognized by the courts, has not changed. *See* M.C.L. § 500.3145(2) (which includes the unchanged provision, "However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."). Defendants rely on *Van Emon v. State Farm Mut. Auto. Ins. Co.*, No. 05-72638, 2007 WL 275882, at *8 (E.D. Mich. Jan. 26, 2007) ("recovery of no-fault [attendant care] benefits, no matter the theory of recovery, will be limited as a matter of law under [M.C.L.] § 500.3145(1)"); and *VHS of Michigan, Inc. v. Farm Bureau Gen. Ins. Co. of Michigan*, No. 344583, 2019 WL 3436566, at *3 (Mich.Ct.App. July 30, 2019).

The language of M.C.L. § 500.3145 related to the limitation on damages ("However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced," M.C.L. § 500.3145(2)) remains intact and there is no indication that the intent of the amendment noted by Plaintiffs was to change that section or the recognized (and conceded) interpretation by the courts. The Court therefore concludes that the amendment does not change the bar on recovery of losses incurred more than one year prior to the date the lawsuit was filed (which is February 8, 2018) and has no

12

impact on the one-year-back rule argument.

### B     Count IV - Bad Faith Breach of Contract

Defendants contend that Plaintiffs' bad faith breach of contract claim should be dismissed because "Michigan law applies and Michigan does not recognize an independent tort of bad faith breach of contract." ECF No.11, PgID 88. Defendants acknowledge that Plaintiffs want to apply Nevada law because one of the Plaintiffs is a resident of Nevada. *Id*. Defendants maintain that Michigan choice-of-law rules should apply because: (1) at the time of accident all Plaintiffs were Michigan residents; (2) all Plaintiffs' accidents occurred in Michigan; (3) all Plaintiffs had Michigan insurance policies; and (4) all Defendants are Michigan entities. ECF No.11, PgID 88-89. *See Magda v. Auto Club Ins. Ass'n*, No. 14-12144, 2015 WL 13036945, at 5 (E.D. Mich. Apr. 28, 2015) (Michigan law would apply despite the plaintiff in the case being a thirty-year resident of Florida).

Plaintiffs argue that there is no choice of law issue in the case because there is "no conflict of laws." ECF No.17 PgID 136. Plaintiffs argue their "bad faith breach of contract claim [is] only on behalf of a state law subclass" and that because "these class members' bad faith claims are sufficiently similar, or identical, the criteria for a sub-class under Rule 23 is met and warranted." ECF

No.17 PgID 136. Plaintiffs also argue that Defendants' reliance on *Magda* is misplaced because *Magda* involved a situation where the state laws conflicted. In this case, Plaintiffs argue, the laws of Nevada and Michigan can be applied without conflict. Plaintiffs do not cite any case law to support their argument.

"When deciding matters of supplemental jurisdiction, a federal court must apply the substantive law of the forum state in which it sits, including the forum state's choice-of-law rules." *Menuskin v. Williams,* 145 F.3d 755, 761 (6th Cir.1998). Under Michigan law, a tort claim is governed by the law of the forum unless a "rational reason" exists to displace it. *Watkins & Son Pet Supplies v. Iams Co.,* 254 F.3d 607 (6th Cir.2001) (quoting *Olmstead v. Anderson,* 428 Mich. 1, 29–30 (1987)).

The Court grants Defendants' motion to dismiss Plaintiffs' bad faith breach of contract because Michigan's interest predominates. Plaintiffs have failed to make an argument that supports Nevada's interest in having their law applied. Plaintiffs' argument is limited to how both laws can be applied in a way that does not conflict, and that is not a rational reason to displace Michigan law.

Michigan has an interest in governing and applying Michigan laws to both its residents and entities in the state of Michigan. Because all Plaintiffs and

14

Defendants are currently domiciled or were domiciled in Michigan at some point, Michigan interest predominates. The Michigan Legislature has decided not to recognize the claim of bad faith breach of contract, and Michigan has an interest in ensuring that the Defendants, who are Michigan entities, are not (if found liable) penalized under the laws of another state. The subclass of Plaintiffs who take residence in other states are also members of the larger Plaintiff Class. Therefore, if the Plaintiff Class is successful, all members of the class will benefit from a remedy under Michigan laws.

For the reasons stated above, the Court dismisses Plaintiffs' bad faith breach of contract claim.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [ECF No. 11] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED with respect to Plaintiffs' bad faith breach of contract claim (Count IV of Plaintiffs' Complaint).

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is

DENIED with respect to Plaintiffs' remaining claims (Counts I-III of Plaintiffs' Complaint).

    IT IS ORDERED.

                                        s/Denise Page Hood  
                                        DENISE PAGE HOOD  
Dated: May 31, 2020           UNITED STATES DISTRICT JUDGE