UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MOORE, et al.,

    Plaintiffs,

v.

AUTO CLUB SERVICES, et al.,

    Defendants.
_____/

Case No: 19-10403
Honorable Denise Page Hood

**ORDER GRANTING DEFENDANT NON-INSURERS' MOTION
FOR PARTIAL SUMMARY JUDGMENT [ECF No. 60]**

**I.   INTRODUCTION**

Plaintiffs filed a 28 U.S.C. § 1332(d)(2) Class Action Complaint on February 8, 2019, which was amended on August 19, 2019 (the "Complaint"), alleging that Defendants underpaid the proper amount of attendant care benefits owed to the members of the class under Subsection 3107(1)(a) of the Michigan Automobile No-Fault Insurance Act (the "Act").   Following Motions to Dismiss, Plaintiffs have one remaining claim: unjust enrichment against two Defendants, Auto Club Group and Auto Club Services (the "Defendant Non-insurers").   The Court previously dismissed three related insurers named as defendants (Auto Club Insurance

1

Association, Fremont Insurance Company, and MemberSelect Insurance Company) (the "Defendant Insurers").  The Defendant Non-insurers recently filed a Motion for Partial Summary Judgment (the "Motion") [ECF No. 60], wherein they seek to restrict Plaintiffs' unjust enrichment claim to a period commencing on February 8, 2018, which was one-year prior to the filing of Plaintiffs' Complaint. The Motion has been fully briefed, and a hearing on the Motion was held on January 18, 2023. For the reasons that follow, the Court grants the Motion.

## II.    BACKGROUND

The three named Plaintiffs have sued on behalf of themselves and request that they be representatives of a class. These three individuals will be collectively referred to as "Plaintiffs."  Plaintiffs currently have no-fault personal injury protection ("PIP") claims filed with Defendants and are receiving attendant care benefits. All Plaintiffs have been receiving these benefits at least since 2005. Each of the Plaintiffs' attendant care benefits are being used to pay for family-provided attendant care. All allegations in the Amended Complaint are based on Defendants' alleged "systematic underpayment of family provided/non-agency provided attendant care benefits ("Benefits") through the use of a series of reports they [Defendants] falsely claimed were valid surveys of commercial agency payment rates for attendant care providers" (the reports are referred to as the "P&M

2

Surveys").

Plaintiffs allege Defendants relied on the P&M Surveys to determine class benefits for their family-provided attendant care services and adjusted Plaintiffs' claims. Plaintiffs allege that Defendants' use of the P&M Surveys was improper and injured Plaintiffs by paying less money than appropriate for their family-provided attendant care benefits.

Litigation and discovery by Defendants in an (unidentified) prior case allegedly revealed that the P&M Surveys were created under the direction of a lawyer and Vice President at AAA. The creator of the P&M Surveys testified in that prior case, allegedly revealing the P&M Survey "lacked valid statistical authority." Other testimony (by the director of casualty claims for AAA) allegedly acknowledged that the rates in the P&M Surveys were not adjusted after 2011 and that AAA used previous P&M Surveys to determine class benefits.

### III. APPLICABLE LAW

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

IV. **ANALYSIS**

Plaintiffs previously conceded that the unjust enrichment claim is not viable with respect to the Defendant Insurers because there are express written contracts

4

between Plaintiffs and the Defendant Insurers.  As to the Defendant Non-insurers, the Court found that Plaintiffs' factual allegations reflected a business relationship between all Defendants and showed that the Defendant Non-insurers owned or operated Defendant Insurers. Based on these facts and allegations in the Amended Complaint, the Court held:

> [I]t is reasonable for the Court to infer that the Defendant Non-insurers received a financial benefit (amounting to unjust enrichment) through their ownership of the Defendant Insurers. As there is no contract between the Plaintiffs and the Defendant Non-insurers, an unjust enrichment claim is an appropriate alternative pleading for Plaintiffs.
>
> For the reasons stated above, the Court concludes that Plaintiffs' unjust enrichment claim is sufficiently pleaded as it pertains to the Defendant Non-insurers.

ECF No. 56, PageID.506.  The Defendant Non-insurers now seek to limit any recovery by Plaintiffs to the time period on or after February 8, 2018.

The parties agree, and the applicable law is clear, with respect to two principles: (a) equitable claims such as Plaintiffs' unjust enrichment claim are subject to statutes of limitation consistent with similar legal claims; and (b) the Court is to review the complaint in its entirety to determine the true nature of the claims.

> Our Supreme Court "has long recognized that statutes of limitation may apply by analogy to equitable claims." *Taxpayers Allied for Constitutional Taxation v. Wayne Co,* 450 Mich. 119, 127 n.9; 537 NW2d 596 (1995). "If legal limitations periods did not apply to analogous equitable suits, 'a plaintiff [could] dodge the bar set up by a

5

limitations statute simply by resorting to an alternate form of relief provided by equity.'" *Id.,* quoting *Lothian v. Detroit,* 414 Mich. 160, 169; 324 NW2d 9 (1982). Thus, when an equitable claim would provide relief that is analogous to the relief available under a similar legal claim, courts typically apply the legal claim's statute of limitations to the equitable claim as well. *Id.*

*Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *8 (Mich. Ct. App. May 1, 2007). "Michigan courts typically apply a gravamen analysis, that is, review the complaint in its entirety to determine the true nature of the claims, and apply the statute of limitations governing the legal gravamen claim to equitable claims that seek analogous relief." *PCA Minerals, LLC v. Merit Energy Co., LLC*, 725 F.App'x 342, 347 (6th Cir. 2018). "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v. Adams*, 276 Mich.App. 704, 710-11 (2007).

The parties disagree on what statute of limitations govern Plaintiffs' unjust enrichment claim. Plaintiffs contend that their unjust enrichment claim stems from the attendant care benefits to which they were entitled under the contracts between themselves and the Defendant Insurers. Plaintiffs therefore argue that the Court should find that the unjust enrichment claim is a species of quasi-contract, which

6

means that the most analogous statute of limitations period is the six-year statute of limitations provision for contracts, as set forth in M.C.L. § 600.5807(9).

Plaintiffs note that numerous courts have concluded that "a claim for unjust enrichment is the equitable counterpart of a legal claim for breach of contract." *Romeo Inv.*, 2007 WL 1264008, at *8. *See also Morris Pumps v. Centerline Piping, Inc.*, 273 Mich.App. 187, 194 (2006); *Uselmann v. Razvan Pop.*, 2022 WL 4588578 (E.D. Mich. 2022); *Venture Solutions v. Meier*, 2022 WL 3337145 (E.D. Mich. 2022); *Dixon-Brown v. Covenant Cemetery Services*, 2022 WL 413904 (Mich.App. 2022); *Lee v. Cincinnati Capital Corp*, 434 F.Supp. 3d 601, 615 (ED MI 2020); *Kochis v. City of Westland*, 409 F.Supp.3d 598, 611 (E.D. Mich. 2019); *Leavine v. Gembarski*, 2018 WL 1020685, at *3 (Mich.App. 2018); *Wright v. Genesee Cnty.*, 504 Mich. 410, 417-18 (2019). Notably, none of these cases involves an automobile insurer or the No-Fault Act.

Defendant Non-insurers argue that Plaintiffs' rights are statutory, not contractual, because the No-Fault Act governs coverage. Citing *Rohlman v. Hawkeye-Sec. Ins. Co.*, 442 Mich. 520, 530 (1993) (PIP benefits are mandated by the No-Fault Act and a claimant's entitlement to PIP benefits is therefore based in statute, not in contract). Defendant Non-insurers therefore maintain that the unjust enrichment claim is subject to the statutory language (and one-year back rule)

7

because the claim would not exist but for the existence of the No-Fault Act.

Defendant Non-insurers further contend that Michigan courts have made clear that, just because a plaintiff titles a claim as "unjust enrichment," the fundamental nature of the claim dictates what statute of limitations should govern. *See Pete's Auto & Truck Parts, Inc. v. Greg Hibbitts Transp. Co.*, No. 355841, 2022 WL 2079834, at *19 (Mich. Ct. App. June 9, 2022) (the trial court properly dismissed plaintiffs' claim for unjust enrichment because, "regardless of the label for their claim, plaintiffs fundamentally seek payment for property damage arising from the use of a truck as a motor vehicle. This claim falls squarely within the no-fault act. Plaintiffs cannot simply relabel their no-fault claim as one for unjust enrichment to avoid the applicable statute of limitations.").

The Court, having reviewed the Second Amended Complaint, finds that Plaintiffs' claims – all of them, including the unjust enrichment claim – stem from the attendant care benefits available under the No-Fault Act. In Plaintiffs' words:

> 1. **This is a class action brought by Plaintiffs** on behalf of all individuals (the Class) **who received allowable expenses in the form of family provided/non-agency provided attendant care benefits under the Michigan Automobile No-Fault Insurance Act ("Act")** from . . . their auto insurers during the class period.
>
> 2. **The Act, Subsection 3107(1)(a) says that an injured person is entitled to recover "allowable expenses" consisting of "all reasonable charges incurred for reasonably necessary products,**

8

**services and accommodations for an injured person's care, recovery or rehabilitation."** These benefits are payable for life and without regard to any "cap" or "ceiling."

3. Courts have interpreted allowable expenses to include both unskilled and skilled in-home attendant care and nursing services. As with any allowable expense, these services must be "reasonably necessary" and the amount claimed must be a "reasonable charge."

4. **Court decisions have made it clear that in-home attendant care and nursing services rendered by family, friends, and neighbors of the injured person are compensable under the Act**. The no fault benefit lets injured accident victims hire outside help or employ family members, so that the injured person can remain at home rather than be institutionalized.

5. Regarding the reasonableness of the charges, several court decisions hold that it is appropriate to consider commercial rates charged by professional agencies for similar services. In *Sharp v Preferred Risk Mutual Ins Co*, 142 Mich App 499 (1985), the Court of Appeals said: "[C]omparison to rates charged by institutions provides a valid method for determining whether the amount of an expense was reasonable and for placing a value on comparable services performed [by family members]." Pursuant to this concept, claims for family-provided attendant care are frequently based upon the commercial rate that would be charged by a professional agency rendering the same services.

6. This case only involves the "reasonable charge" element of attendant care benefits. There is no issue as to whether the care was reasonably necessary, or related to the auto accident; whether the charge was actually incurred, adequately supported or timely filed; nor any other common defense to a PIP claim. To be sure, the Defendant no-fault insurers have (1) approved all the no-fault claims for attendant care benefits, (2) for all class members, (3) for the entirety for the class period, and (4) Defendants have issued payment on the claims, albeit at an improper, unreasonable and low hourly rate.

\* \* \* \* \*

38. **Plaintiffs and members of the Classes suffered an injury in fact caused by the improper no-fault benefit claims handling and payments as set forth in this Complaint**.

### A. BACKGROUND OF THE MICHIGAN AUTOMOBILE NO-FAULT INSURANCE ACT, MICH. COMP. LAWS § 500.3101, *ET SEQ.*

39. Michigan adopted the No-Fault Automobile Insurance Act, Mich. Comp. Laws § 500.3101, et seq, with a goal "to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General*, 402 Mich. 554, 267 N.W.2d 72 (1978).

40. **The princip[al] section of the No-Fault Act establishing benefits available to an injured person is Mich. Comp. Laws § 500.3107 requiring insurers to pay for "Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.**"

41. The No-Fault Act is remedial in nature and is to be liberally construed in favor of those it intends to benefit: the accident victims. *Burke v. Warren*, 105 Mich. App. 556, 307 N.W.2d 89 (1981).

42. Medical and rehabilitation expenses have always been at the core of the No-Fault System. The early goal of the No-Fault System was "compensation of injured persons, adequately, promptly, and without regard to fault for medical expenses, wage loss and rehabilitation expenses." [footnote omitted]

43. **Attendant care benefits are allowable expenses under Mich. Comp. Laws § 500.3107 and are recoverable even when provided by an injured person's family members**. *Van Marter v.*

10

*American Fidelity Fire Ins. Co.*, 114 Mich. App. 171, 318 N.W.2d 679 (1982).

44. Under the No-Fault Act, an insurance company is responsible to compensate family members and friends who provide attendant care services "to the same extent as they would be if the services had been rendered by someone other than" the family member or friend. *Van Marter*, 114 Mich. App. at 178-79, 318 N.W.2d at 683. To do otherwise would "penalize both the injured insured and his family for providing care which would otherwise be performed by a less personalized health care industry." *Van Marter*, 114 Mich. App. at 181, 318 N.W.2d at 683.

45. **Under the Act, an insurance company must pay a family member a reasonable amount for nursing services rendered at home**. *Manley v. D.A.I.I.E.*, 425 Mich. 140, 388 N.W.2d 216 (1986).

46. Attendant care expenses are presumed to be provided at their reasonable market value. Manley v. D.A.I.I.E, 127 Mich. App. 444, 339 N.W.2d 205 (1986). "The relevancy of agency rates in determining a reasonable rate for home care has long been implied in Michigan jurisprudence." *Hardrick v Auto Club Ins. Ass'n*, 294 Mich. App. 651, 701, 819 N.W.2d 28, 55 (2011).

47. To establish a right to payment, the claimant must present the insurance company with "reasonable proof of the fact and the amount of loss sustained." Mich. Comp. Laws § 500.3142. **The No-Fault Act "requires only reasonable proof of loss, not exact proof.**" *Williams v. AAA Mich.*, 250 Mich. App. 249, 267, 646 N.W.2d 476, 485 (2002).

48. When reasonable proof of the loss and the amount of the claimed benefit has been received, the insurance company has a duty to investigate on its own if it wishes to challenge the amount of benefits owed. *Id*.

ECF No. 28, PageID.216-18, 225-27.

Even Plaintiffs' allegations in Count III, the unjust enrichment claim, discuss attendant care benefits and all but state that the benefits arise out of the Act:

COUNT III - UNJUST ENRICHMENT

117. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

118. **All Defendants have received and retained insurance premiums, and withheld properly payable family-provided attendant care benefits, and done so wrongfully and unjustified**.

119. **Entity Defendants own and thus receive premium dollars form payments made by class members to the No-fault Insurer Defendants**.

120. **Defendants have been inequitably enriched by their actions to the detriment of Plaintiffs and the class members**.

121. Plaintiffs plead alternative theories pursuant to FRCP 8 as far as the No-fault Insurer Defendants in as much as contract and unjust enrichment are alternate theories.

122. In the event it is determined that no contract rights exist for the wrongs alleged herein, the above conduct amounts to unjust enrichment of Defendants, Auto Club Insurance Association, MemberSelect Insurance Company, and Freemont Insurance Company, at class members' expense.

123. **Furthermore, there is no contract between Plaintiffs and the Entity Defendants, and *thus pointing to the insurance contracts has no bearing on the unjust enrichment claims against the Entity Defendants***.

124. Consequently, Plaintiffs seek all available damages and relief to which they are entitled under Michigan unjust enrichment and

remedy law against all Defendants.

*Id.* at PageID.246-47. Not only do Plaintiffs consistently cite attendant care benefits (which arise under the No-Fault Act) in their unjust enrichment claim, Plaintiffs allege that "<u>the insurance contracts ha[ve] no bearing on the unjust enrichment claims against the Entity Defendants</u>," *i.e.,* the only remaining Defendants -- Auto Club Group and Auto Club Services.

The Court notes that *Pete's Auto* involved an action against a no-fault insurer, which Defendant Non-insurers are not. The Court concludes, however, that the reasoning of *Pete's Auto* is consistent with the mandate of Michigan courts to "apply a gravamen analysis, that is, review the complaint in its entirety to determine the true nature of the claims, and apply the statute of limitations governing the legal gravamen claim to equitable claims that seek analogous relief." *PCA Minerals, LLC*, 725 F.App'x at 347; *Adams*, 276 Mich.App. at 710-11 ("the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."). Because Plaintiffs' Complaint at all times centers on attendant care benefits afforded pursuant to the No-Fault Act, the Court finds that the gravamen of this action – and the unjust enrichment claim – is the No-Fault Act.

The Court finds that Plaintiffs' reliance on *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399 (2008), is not persuasive. As the Court previously concluded, the *Cooper* court concluded that the one-year back rule would not apply to certain <u>fraud</u> claims. There is nothing in the *Cooper* opinion, however, that suggests in any manner that the one-year back rule would not bar unjust enrichment claims that exist because of – and are analogous to -- the No-Fault Act for conduct that occurred more than one year prior to the filing of the complaint.

The Court grants the Motion.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant Non-insurers' Motion for Partial Summary Judgment [ECF No. 60] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' may not recover for any attendant care services provided prior to February 8, 2018.

IT IS SO ORDERED.


Dated:   February 2, 2023                    s/Denise Page Hood
                                             DENISE PAGE HOOD
                                             UNITED STATES DISTRICT JUDGE

14