# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NANCY MOORE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO CLUB GROUP, *et al.*, <br><br> Defendants. | Case No. 19-10403 <br><br> Judge Denise Page Hood |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 93]

### I.  INTRODUCTION

Now, before the Court, is Defendants, Auto Club Group ("ACG") and Auto Club Services ("ACS"), Motion for Summary Judgment. [ECF No. 93]. The motion is fully briefed, and a hearing was held. For the reasons set forth herein, Defendants' motion is GRANTED.

### II.  BACKGROUND

Plaintiffs filed a 28 U.S.C. § 1332(d)(2) Class Action Complaint on February 8, 2019, which was amended on August 19, 2019 [ECF No. 28] and again on June 15, 2023 [ECF No. 82]. Plaintiffs sole remaining claim is unjust enrichment against two Defendants, Auto Club Group and Auto Club Services (the "Defendant Non-

insurers"). The Court previously dismissed three related insurers named as defendants (Auto Club Insurance Association, Fremont Insurance, MemberSelect Insurance Company) (the "Defendant Insurers"). Plaintiffs's Second Amended Complaint alleges that the Defendant Non-insurers impermissibly relied on a survey conducted by Plante Moran (the "Plante Moran Survey") in calculating the hourly rates paid to Plaintiffs and other class members' claims for family provided attendant care benefits. [ECF No. 82, PageID.2070]. Plaintiffs allege that Defendants received and retained insurance premiums and withheld properly payable family-provided attendant care benefits, and did so wrongfully and unjustified. *Id*. at PageID.2091.

Plaintiffs' Second Amended Complaint states that Plaintiffs seek an order "[d]eclaring the use of the Plante Moran Survey to be in violation of the Michigan No-Fault Act and case law and ordering corrective measures to be taken, including but not limited to Defendants conducting a proper calculation of the PIP benefits owed to each class member using a legal benefit calculation method." *Id*. at PageID.2092. It is undisputed that Plaintiffs do not have insurance contracts with the Defendant Non-insurers. [ECF No. 93, PageID.3201].

James Warnack is the caregiver of Plaintiff Theresa Michalak. *Id*. at PageID.3204. Warnack is paid $14.33 per hour for the time he spends helping Michalak. *Id*. The affidavits submitted for payment show that Warnack usually provides eight hours of care per day during the summer months and six hours of care

per day in the winter months. *Id*. It is undisputed that the Insurer paid over $2,218,795.03 in benefits for Michalak's attendant care. *Id*.

Peter Williams is the husband and primary caregiver of Plaintiff Lisa Barkel-Williams. *Id*. Barkel-Williams requires 24-hour care. *Id*. at PageID.3205. Barkel-Williams signed a contract with her Insurer to cover the cost of attendant care. *Id*. The agreement provides for Barkel-Williams' caregiver to be paid at a rate of $10.31 for eight hours per day and an increased rate of $12.26 for 16 hours per day. *Id*. It is undisputed that the Insurer paid over $2,194,937.31 in benefits for Barkel-Williams' attendant care.

Maria Aprile is the personal representative of the Estate of Janet Aprile. *Id*. Janet Aprile's mother and sister provided care to her prior to her passing. *Id*. The parties agreed to a flat attendant care fee of $95 per day, regardless of the number of hours incurred as a settlement of a lawsuit that had been filed by Aprile. *Id*. at PageID.3208. It is undisputed that the Insurer paid $1,530,507.91 in benefits for Aprile's attendant care. *Id*. at PageID.3209.

Plaintiffs have seemingly abandoned their claim that Defendants impermissibly relied on the Plante Moran Survey in determining the reasonable market value for family provided attendant care services as required by M.C.L. 500.3107(a) and now focus on Plaintiffs' entitlement to payment for overtime when more than 40 hours of attendant care was provided in a workweek. [ECF No. 103,

PageID.4555].[1] Plaintiffs argue that the policies and procedures used by Defendants do not provide for overtime pay to an insured's family member or friend who provided attendant care services. *Id*. Plaintiffs further argue that Defendants reimburse family provided attendant care services at rates less than those paid for agency workers who provide the same level of services and work the same number of hours. *Id*. Plaintiffs challenge Defendants' use of a "two-tiered pay system" by which Defendants pay family attendant caregivers only a straight hourly wage without a premium for working overtime hours and provide payments to agency caregivers that include overtime payments. *Id*.

Defendants move for summary judgment arguing that Plaintiffs' claim for overtime was not "incurred" as defined by M.C.L. 500.3107(a). [ECF No. 93, PageID.3210].

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must

---

[1] Plaintiffs' Second Amended Complaint mentions overtime wages one time, stating: "the P&M Survey does not represent a proper valuation of no-fault benefits as required by law, including a lack of overtime wages for hours worked in excess of 40 hours per week and other non-cash compensation." [ECF No. 82, PageID.2079].

4

cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A). "As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Courts "must accept Plaintiff's evidence as true and draw all reasonable inferences in her favor[.]" *Id*. The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

To succeed on a claim of unjust enrichment, Plaintiffs must show "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (2006). Receipt of a benefit by a third-party to a contract can result in unjust enrichment only in very narrow circumstances:

> A third party is not unjustly enriched when it receives a benefit from a contract between two other parties, where the party benefited has not requested the benefit or misled the other parties…. Otherwise stated, the mere fact that a third person benefits from a contract between two other persons does not make such third person liable in quasi-contract, unjust enrichment, or restitution. Moreover, where a third person

5

> benefits from a contract entered into between two other persons, in the absence of some misleading act by the third person, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third person.

*Id*. at 196. This principle applies here because Plaintiffs allege that Defendants are not parties to the contracts (the No-Fault policies) between Insurers and Plaintiffs, but Defendants benefitted from the No-Fault policies by retaining the monetary benefit of not paying Plaintiffs overtime.

The No-Fault Act provides that an insurer is liable to pay benefits for "allowable expenses," defined as "reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). Plaintiffs have the burden of proof and must establish four elements to recover for "allowable expenses": "(1) the expense must be for an injured person's care, recovery, or rehabilitation, (2) the expense must be reasonably necessary, (3) the expense must be incurred, and (4) the charge must be reasonable." *Douglas v. Allstate Ins. Co.*, 492 Mich. 241, 259 (2012). The parties do not dispute whether the services rendered by Plaintiffs were for an injured person's care, recovery, or rehabilitation or whether the services rendered were reasonably necessary. [ECF No. 82, PageID.2068].

Defendants' motion for summary judgment attacks the third prong, arguing that the overtime payments sought by Plaintiffs were not actually incurred as defined by MCL 500.3107(1)(a). [ECF No. 93, PageID.3209]. Plaintiffs argue that this

6

matter turns on the fourth prong: whether the rates paid to Plaintiffs were reasonable where they did not include overtime for hours worked in excess of 40 hours per week.

### A. Plaintiffs do not have a right to overtime payments for attendant care under the Michigan No-Fault Act or case law.

M.C.L. 500.3107(1)(a) requires that reasonable compensation be paid to lay providers of attendant care services. See *Bonkowski v. Allstate Ins. Co.*, 281 Mich. App. 154, 164, 761 N.W.2d 784, 791 (2008). There is no hard and fast rule for determining the reasonable rate of compensation for unlicensed individuals providing health care services to family members. *Bonkowski*, 281 Mich. App. at 172. "While consideration of rates paid to licensed and trained health care providers is appropriate, the law does not require that unlicensed individuals who have not earned a degree in a pertinent health care profession be paid the same compensation paid to licensed health care professionals." *Id*. In *Manley v. Detroit Automobile Inter-Ins Exch.*, 127 Mich.App. 444, 455, 339 N.W.2d 205 (1983), the Michigan Court of Appeals "embraced the notion that 'comparison rates charged by institutions provides a valid method for determining whether the amount of an expense was reasonable and for placing value on comparable services performed [by family members].'" *Id*. "In determining reasonable compensation for an unlicensed person who provides health care services, a fact-finder may consider the compensation paid to licensed health care professionals who provide similar services. *Id*.; see also *Van*

7

*Marter v. American Fidelity Fire Ins. Co.*, 114 Mich.App. 171, 180-81, 318 N.W.2d 679 (1982). Payments made to lay attendant care providers are not required to be equal to licensed attendant care providers.

Plaintiffs argue that the issue before the Court is whether the payments already made and accepted by Plaintiffs were reasonable considering the fact that they did not include an overtime premium. [ECF No. 103, PageID.4555]. However, Plaintiffs also argue that they are entitled to overtime payments for hours worked in excess of 40 hours per week. *Id*. Plaintiffs urge the Court to deny summary judgment because whether or not the payments received by Plaintiffs were reasonable is an issue for the jury and not the Court. [ECF No. 103, PageID.4568 quoting *Williams v. AAA Mich.*, 250 Mich. App. 476, 260-261; 646 NW2d 476 (2002)].

The Court disagrees with Plaintiff's characterization of the claims. Plaintiffs' response states "Plaintiffs challenge Defendants' policies and procedures and the failure to pay overtime[.]" [ECF No. 103, PageID.4555]. Plaintiffs' response further states "Pursuant to [Defendants'] established policies and procedures, Defendants reimburse family provided attendant care services at rates less than those paid for agency workers who provide the same level of services and work the same number of hours." *Id*. Plaintiffs complain that Defendants unfairly "created a two-tiered pay system despite being required to pay both sets of caregivers the same 'reasonable rate[.]'" *Id*. Plaintiffs further argue that "[t]his case involves the question of whether

Defendants, via their policies and procedures, institutionally denied reasonable payment for family provided attendant care services by failing to pay overtime to individuals providing such services for hours worked in excess of 40 in a workweek." *Id*. at 4557.

Whether Plaintiffs were paid a reasonable rate for their services and whether they are entitled to overtime payments for hours worked in excess of 40 hours in a workweek are two distinct questions. The latter appropriately characterizes Plaintiffs' claim for relief and can be determined as a matter of law. Plaintiffs cite no statute or case law showing that family attendant care providers are entitled to overtime payments or that family attendant care providers must be paid at an equal rate to professional attendant care providers. Plaintiffs cite *Douglas v. Allstate Ins. Co.*, 492 Mich. 241, 276 n. 78, 821 NW2d 472 (2012) which states that a fact-finder can consider benefits that a full-time attendant care services employee would receive as part of her total compensation package in determining a reasonable rate for a family care provider. But there is no case that states an overtime premium must be included in the rate determined to be paid to individuals providing health care services. Plaintiffs on the other hand argue that the question of whether overtime payments should have been made to Plaintiffs is not one of law but of fact because it speaks to the reasonableness of the payments made. [ECF No. 103, PageID.4568]. Plaintiffs rely on *Bonkowski v. Allstate Ins. Co.*, 281 Mich App 154, 761 NW2d 784

9

(2008) in support of its argument. There, the Michigan Court of Appeals made clear that the question of whether services were incurred is distinct from the question of whether the amount paid for services was reasonable. *Id*. at 165. Plaintiffs assert that family provided attendant care services are presumed to be provided at their reasonable market value and whether that value includes an amount that commercial agencies would pay to their employees, like overtime, is for the factfinder to determine.

Plaintiffs misinterpret *Douglas'* analysis of *Bonkowski*. *Douglas* clearly states:

> Although this Court has not ruled on the issue [of reasonableness], the Court of Appeals in *Bonkowski v. Allstate Insurance Co*. stated that a commercial agency's rate for attendant care services is irrelevant to the fact-finder's determination of what constitutes a reasonable rate for a family member's provision of those services. Then Judge ZAHRA, writing for the court, noted that [i]n determining reasonable compensation for an unlicensed person who provides health care services, a fact-finder may consider the compensation paid to licensed health care professionals who provide similar services. The opinion went on to state that the fact-finder's focus should be on the compensation provided to the person providing the services, not the charge associated by an agency that hires health care professionals to provide such services.

492 Mich. at 275 (internal quotation marks omitted). Therefore, even if the question here is of reasonableness related to payments made to Plaintiffs, Defendants need only consider market rates associated with agencies that hire health care professionals in determining payments made to family caregivers.

10

### B. Plaintiffs failed to establish that overtime compensation was "incurred."

The Affidavit of Attendant Care Claim forms show that on several occasions, Plaintiffs received care in excess of 40 hours per week. See ECF No. 93, Exs. 6, 8, 11, and 17. The Michigan Supreme Court has defined "incurred" as it appears in MCL 500.3107(1)(a) as "'[t]o become liable or subject to, [especially] because of one's own actions.'" *Douglas*, 492 Mich. at 267. "Liable," in turn, has been defined in this context as "obligated according to law or equity: responsible," *Burris v. Allstate Ins. Co.*, 480 Mich. 1081, 1084 (2008) (Corrigan, J., concurring), or "responsible or answerable in law; legally obligated." B*ombalski v. Auto Club Ins. Ass'n*, 247 Mich. App. 536, 543 (2001). Under *Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 673 N.W.2d 739 (2003), "the term incur does not mean that an insured must necessarily enter contracts with the care provider to be entitled to reimbursement for attendant-care expenses…Nor does it mean that an insured must necessarily present a formal bill establishing that the attendant-care services were provided." 480 Mich. at 1084-85. "Incur" merely means that "the insured must have an obligation to pay the attendant-care-service providers for their services." *Id*.

As mentioned above, Plaintiffs are not entitled to overtime payments. Therefore, Defendant has no obligation to pay Plaintiffs an overtime premium for hours worked in excess of 40 hours per week in a workweek. Under *Proudfoot* and

11

*Buris*, where there is no obligation to pay for a particular service, the charge has not been incurred for purposes of M.C.L. 500.3107(a).

Because Plaintiffs have not shown that they were entitled to overtime payments, they cannot show that Defendants received an unjust benefit by not paying family attendant care providers overtime for hours worked in excess of 40 hours in a workweek, Summary judgment is GRANTED.

IV.   CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendants' Motion for Summary Judgment [ECF No. 93] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint [ECF No. 82] is DISMISSED;

IT IS FURTHER ORDERED that this Order resolves the last pending claim in this matter and dismisses the case;

IT IS FURTHER ORDERED that all pending motions before the Court in this matter [ECF No. 109; ECF No. 115] are DENIED AS MOOT.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 7, 2025